IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CALVIN ERVIN MCNAC, ID # 1240121,  ) | |
|     Plaintiff,                                ) | |
| vs.                                                               ) | No. 3:05-CV-2253-G (BH) |
|                                               ) | ECF |
| MARK ANTHONY PEREZ, et al.,            ) | Referred to U.S. Magistrate Judge |
|     Defendants.                          ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

On November 16, 2005, the Court received the instant action against Mark Anthony Perez and Detective Jerry Williams. (*See* Compl. at 2-3.)[1] Plaintiff's claims relate generally to his state conviction for aggravated sexual assault in Cause No. F03-71678-T. (*See id.* at 6-13.) He claims that his former trial attorney, Mr. Perez, retaliated against him because of multiple grievances that plaintiff filed against him. (*Id.* at 3-4.) He argues that Mr. Perez rendered ineffective assistance of counsel by being deliberately indifferent to his rights due to those grievances and animosity between plaintiff and himself. (*Id.* at 9.) He further argues that Mr. Perez engaged in purposeful discrimination by allowing the prosecutor to strike all minority members of the jury panel. (*Id.* at 13.) With respect to Detective Williams, he claims that the Detective committed perjury at his trial. (*Id.* at 3.) He attaches documents to his complaint which reveal that plaintiff contends that Detective

---

[1] The Court utilizes the page numbers at the bottom of each page although the first page of the complaint indicates that it is page two.

Williams lied regarding his investigation of the events leading to his arrest and that the alleged perjury directly resulted in his conviction. (*See* Report of a Compl. at I-VI, attached to Compl.) The attached documents also reveal that plaintiff remains incarcerated for the aggravated sexual assault. (*See generally* Attached Docs.) By this lawsuit, plaintiff seeks monetary damages. (Compl. at 4.) No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an employee or officer of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Furthermore, a claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);

2

*Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

### III. SECTION 1983

Plaintiff seeks monetary relief under 42 U.S.C. § 1983 against a Detective who testified at plaintiff's criminal trial and the attorney who represented plaintiff during that trial. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

**A.** *Heck* **Bar**

In this case, the crux of plaintiff's complaint is that he was unlawfully convicted due to ineffective assistance of counsel (including the alleged retaliation and discrimination) and perjured testimony by Detective Williams. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed, unless plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. at 486-87.

In this instance, a ruling granting monetary relief on plaintiff's claims against his former defense attorney would necessarily implicate the validity of his conviction. *See Shaw v. Harris*, 116

Fed. App'x 499, 499 (5th Cir. 2004) (per curiam) (claims of ineffectiveness of defense counsel necessarily imply the invalidity of the conviction); *Pearson v. United States*, No. 3:01-CV-1239-M, 2001 WL 1076123, at *3 (N.D. Tex. Sept. 10, 2001) (findings, conclusions, and recommendation accepted by District Court) (holding that success on "allegations challenging his counsel's conduct . . . would undermine the validity of his conviction"). Likewise, a ruling granting monetary relief on plaintiff's perjury claim against Detective Williams would necessarily implicate the validity of his conviction. *See Shaw*, 116 Fed. App'x at 499 (allegations of perjury necessarily imply the invalidity of the conviction); *Justice v. Burten*, Nos. 2:04-CV-0102, 2:04-CV-0151, 2:04-CV-0152, 2006 WL 770447, at *4 (N.D. Tex. Mar. 27, 2006) (finding that claim of perjury "would call into question the constitutionality" of the conviction). *Heck* thus requires plaintiff to demonstrate that his conviction or sentence has been reversed, invalidated, or expunged prior to bringing an action under 42 U.S.C. § 1983.

From the documents filed in this case, it appears that plaintiff remains incarcerated pursuant to the sentence imposed in the criminal action that forms the crux of this case. Nothing in his complaint, furthermore, indicates that his conviction has been successfully overturned, reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court in a habeas proceeding. Until plaintiff receives a ruling declaring his conviction invalid, no action will accrue under § 1983 for claims that, if successful, would necessarily implicate the validity of his conviction. *Heck*, 512 U.S. at 486-87. To the extent that *Heck* bars plaintiff's claims, his § 1983 complaint has no basis in law and should be dismissed as frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (holding that "[a] §1983 claim which falls under the rule in

4

*Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question").

Nevertheless, although *Heck* may provide a means to dismiss this § 1983 action in its entirety, the Court need not rely upon *Heck* when the case presents issues that are appropriate for early and final determination. For instance, when an action raises an issue of immunity, the Court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). In addition, "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues." *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting findings and recommendation of United States magistrate judge). The instant case likewise provides circumstances when it is appropriate to have an early and final determination of the issues presented.

**B. <u>Lack of State Action</u>**

Plaintiff alleges that his former attorney rendered ineffective assistance during his criminal trial. It is well established, however, that neither appointed nor retained counsel acts under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Criminal Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under

5

section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law). Nevertheless, in certain circumstances, private parties may be acting "under color of state law" and thus held liable under § 1983:

> 'Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.'

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). To support such a conspiracy claim, plaintiffs "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted).

To find state action by a private individual in the absence of an alleged conspiracy, a plaintiff must show that the private actor "performs a function which is traditionally the exclusive province of the state" or that "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Under the latter alternative,

> a finding of state action is justified "'only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains.' A state is not responsible for a private party's decisions unless it 'has exercised coercive power or has provided such significant encouragement, . . . that the choice must in law be deemed to be that of the state.'"

*Id.* (citations omitted).

Attorneys do not perform a function that is traditionally the exclusive province of the state. In addition, there is no nexus between the State and the actions of plaintiff's former attorney such

that the attorney's actions are fairly attributable to the State. Further, plaintiff has alleged no agreement between his former attorney and any state actor to commit an illegal act. Without an allegation of some agreement between his former attorneys and a state actor, plaintiff has failed to state a viable claim under § 1983 against defendant Perez, and his claims against him should be dismissed.

## C. Witness Immunity

Plaintiff sues Detective Williams for alleged perjury during plaintiff's criminal trial. However, witnesses in judicial proceedings enjoy absolute immunity from liability under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983). Consequently, the claim against the Detective should be summarily dismissed because it seeks monetary relief against a defendant who is immune from such relief.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). As such recommendation completely disposes of the action against all named defendants, the Court need not concern itself with dismissing the action under *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

---

[2] Were the Court inclined to dismiss this action under *Heck*, such dismissal would be with prejudice as frivolous until such time as plaintiff satisfies the conditions set forth in *Heck*.

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

7

**SIGNED this 28th day of June, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE